# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff-Respondent, | ) CASE NO: 4:14-CR-298 |
| | ) |
| v. | ) JUDGE DAN A. POLSTER |
| | ) |
| TERRENCE D. HOWELL, | ) **OPINION AND ORDER** |
| | ) |
| Defendant-Petitioner. | ) |

Before the Court is Defendant Terrence Howell's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(I) for Immediate Release Due to COVID-19 Circumstances, **Doc #: 32**. For the foregoing reasons, Howell's motion is **GRANTED**.

## I. Background

On December 19, 2014, pursuant to a plea agreement, Howell pled guilty to the distribution, maintenance, and manufacture of cocaine base ("crack") in violation of 21 U.S.C §§ 856(a)(1) and 856(b), and 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Doc #: 18. On February 20, 2015, this Court sentenced Howell to a prison term of 120 months, an 8-year term of supervised release, and a special assessment of $200.00. Doc #: 24. Howell is currently held at FMC Lexington and has a release date of April 3, 2022.[1] He requests that the Court release him immediately because he, as one who suffers from heart disease, kidney disease, morbid obesity, and high blood pressure, is at high risk of having life threatening consequences if he were to test positive for COVID-19 a second time. Doc #: 32 at 3. He further emphasizes that he has served

---

[1] *Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Oct. 2, 2020).

1

nearly 70% of his sentence. Doc #: 32 at 12. The Government filed an opposition on September 17, 2020, and Howell filed a reply on September 18, 2020. Doc #: 35-36.

## II. Discussion[2]

Under § 3582(c)(1)(A)(i), before granting a sentence modification, a court must find: (A) extraordinary and compelling reasons warrant a sentence modification; (B) the defendant is not a danger to the safety of any other person or the community, and (C) the reduction is appropriate considering the sentencing factors located at 18 U.S.C. § 3553(a). *United States v. Hardin*, Case No. 1:19 CR 240, 2020 U.S. Dist. LEXIS 90855, at *5 (N.D. Ohio Apr. 7, 2020).

### A. Extraordinary and Compelling Reasons

Extraordinary and compelling reasons for sentence modification exist under four categories set forth at U.S.S.G. § 1B1.13 Application Note 1. Here, the only relevant category is the fourth category, labeled "other reasons." *Id.* at 8. To determine whether other reasons warrant sentence modification, the Court considers whether: (1) the defendant is at high risk of having grave complications should he contract COVID-19, and (2) the prison where the defendant resides has a severe COVID-19 outbreak. *Id.*

The Centers for Disease Control and Prevention ("CDC") have determined certain medical conditions unquestionably present an increased risk from COVID-19.[3] The CDC labels Howell's medical conditions, including heart failure, kidney disease, and obesity as conditions that place people at an increased risk of severe illness from COVID-19 and hypertension as a condition that

---

[2] A defendant must satisfy § 3582(c)(1)(A)(i)'s exhaustion requirement before filing a motion for compassionate release. The Government concedes that Howell has satisfied the exhaustion requirement. Doc #: 35 at 1-2.

[3] *People of Any Age with Underlying Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited 10/2/2020).

2

might place a person at increased risk for severe illness from COVID-19. *Id*. The Court also credits Dr. Saade's testimony that Howell is at high risk of requiring a high level of care, including intensive care unit admission, placement of a tube into the airways, need of machine support for breathing, blood oxygenation, and kidney replacement, as well as a high risk of organ damage and death should he contract COVID-19 again. Doc #: 32, Ex. A, Dr. Saade Decl.

The Court notes it cannot be assumed that Howell will not become re-infected with COVID-19, or that his body's response would be the same were he to become re-infected. As CDC recently stated:

> "There are limited data about reinfection with SARS-CoV-2 after recovery from COVID…definitive data are lacking, and it remains uncertain whether individuals with antibodies are protected against reinfection with SARS-CoV-2, and if so, what concentration of antibodies is needed to confer protection."

https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-guidance-management-patients.html. In short, the research is developing, and the Court cannot say that Howell is now "safe." This is particularly true given Howell's underlying laundry list of health conditions. Doc #: 32, Ex. A, Dr. Saade Decl.; Ex. B, BOP Med. Rec. Thus, the Court does not doubt Howell is at high risk of having grave complications should he contract COVID-19 a second time.

Furthermore, the institution Howell is incarcerated at – FMC Lexington – has been heavily impacted by COVID-19. The BOP has reported that 207 inmates in FMC Lexington tested positive for COVID-19 since the start of the pandemic; nine inmate COVID-19 deaths; and eight active cases as of the end of September 2020.[4] Notably, an FMC Lexington inmate recently died with a Compassionate Release motion pending. *See* Doc #: 32 at 7. Accordingly, the Court finds, and the Government concedes, Howell presents an extraordinary and compelling reason for allowing

---

[4] *COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Oct. 2, 2020).

compassionate release. *See* Doc #: 35 at 6-7; *See also United States v. Fluellen*, No. 1:15-cr-00435, 2020 U.S. Dist. LEXIS 124700, at *3 (N.D. Ohio July 15, 2020) (granting petitioner's motion for compassionate release after finding his health with the presence of COVID-19 at FMC Lexington are extraordinary and compelling reasons).

### B. Danger to Safety of Other Persons or Community

For a court to grant compassionate release, it must also find the "defendant [is not] a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)." *Hardin*, 2020 U.S. Dist. LEXIS 90855, at *5 (quoting United States Sentencing Commission, Guidelines Manual, § 1B1.13(2) (Nov. 2018)). Section 3142(g) calls for courts to consider: (1) the nature of the circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *Id*.

This is where the dispute lies. The Government argues that the nature of Howell's conviction and his prior criminal record make him a danger to society. *See* Doc #: 35 at 7. Particularly, the Government cites Howell's current offense and criminal record. *Id*. However, the Court is unpersuaded.

Howell is 48 years old with a history of drug abuse and suffers from multiple debilitating medical conditions which makes him eligible for disability payments. *See* Doc #: 36 at 2. Howell has completed a number of rehabilitation programs such as drug training and non-resident drug treatment. Howell is also successfully progressing through the Residential Drug Abuse Program. *Id*. Howell accepted responsibility for his actions, understands where he went wrong, and has both potential employment and income established to help reintegrate into society. *See* Doc #: 32 at 11. Notably, a great deal of Howell's prior criminal record occurred ten to thirty years ago. *See* Doc

4

#: 35 at 7. The Court credits Howell's substantive release plan which includes a place to live, family support, and income (from disability, SSI, and employment). *See* Doc #: 32, Ex. F. Simply put, there is nothing in the record that indicates Howell would resume any dangerous activity were he to be released now, especially under the condition of supervised release. The Court notes Howell's frail health makes the likelihood of him repeating the conduct which led to his confinement highly unlikely. Upon weighing these factors, the Court finds Howell is not a danger to other persons nor the community.

    **C.**    **Section 3553(a) Factors**

Finally, the Court must "consider [] the [sentencing] factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Generally, the § 3553(a) factors favor release when a high-risk defendant being held in a prison experiencing a severe COVID-19 outbreak has less than a year of their sentence remaining. *Hardin*, 2020 U.S. Dist. LEXIS 90855, at 10. However, Howell's case is unique.

As Howell notes and the Government does not refute, if Howell were sentenced today his sentence would be shorter. At the time of Howell's 2015 sentencing, the Government was able to rely on one of Howell's previous convictions to invoke the increased sentencing provisions of 21 U.S.C. §841(b)(1)(A). Doc #: 17; Doc #: 21 ₱45. At the time of his sentencing, this was a correct view of the law.[5] However, this changed with the First Step Act of 2018. *See United States v. Wilson*, No. 19-3471, 2020 U.S. App. LEXIS 28929, at *10 (6th Cir. Sep. 9, 2020). Today, since Howell did not serve more than a year in confinement for the relied upon prior conviction, it appears his previous conviction would no longer qualify as a sentencing enhancer.

---

[5] The Government failed to address this issue or the specifics of Howell's prior conviction.

While the change in law is not retroactive, this Court finds that a possible sentencing disparity, along with additional factors, may justify compassionate release in certain cases. *See United States v. Flakes*, 2020 U.S. Dist. LEXIS 127346, at *5 (N.D. Ohio July 20, 2020) (considering petitioner's sentencing disparity and COVID-19 risks at his prison, the court found extraordinary and compelling grounds to reduce petitioner's sentence.); *see also United States v. Wahid*, 2020 U.S. Dist. LEXIS 146851, at *3-4 (N.D. Ohio Aug. 14, 2020) (finding a defendant with no preexisting health condition establishes extraordinary and compelling reasons justifying compassionate release in light of COVID-19 risks, in combination with sentencing disparity.). Here, there are several additional factors justifying compassionate release: 1) Howell served more than 80 percent of his sentence and is scheduled for release in 18 months; 2) he completed a number of rehabilitation programs; and 3) the Court finds significant that Howell has a specific plan for his care and living arrangements upon release which includes both family and financial support.

Furthermore, the Court acknowledges the evidence in the record that demonstrates Howell is remorseful for his past actions. Doc #: 32 at 11. The Court finds Howell's six years in prison are adequate to achieve much of the original sentence's purpose in terms of reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, and providing a deterrent effect. *See* 18 U.S.C. § 3553(a)(2); *see also United States v. Kontrol*, 554 F.3d 1089, 1093 (6th Cir. 2009) (district courts have "broad discretion to determine what sentence will serve [§ 3553(a)'s] statutory objectives."). A minor reduction in his sentence will not undo the punishment Howell has already been subjected to, nor will it eradicate the effects of his original sentence. Accordingly, upon careful consideration, the Court finds the § 3553(a) factors also favor release.

### III. Conclusion

Given the limitations of being an inmate and his deteriorating health, Howell has done all that he could do to show he is no longer a danger to the public. The six years that Howell has served is sufficient punishment, particularly considering the likelihood of severe medical complications or death should he contract COVID-19 again. The Court sincerely hopes Howell will go forth and live a law-abiding life.

The Court hereby reduces Howell's sentence to time served, plus up to 14 days in the discretion of BOP to quarantine Howell prior to release. Howell shall be required to self-quarantine upon arrival at his residence if he did not complete a 14-day period of quarantine immediately prior to release from BOP custody. Howell's term of supervised release remains at eight years, subject to the terms imposed at sentencing.

For the foregoing reasons, the Motion for Compassionate Release (Doc. No. 32) is **GRANTED.**

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster October 13, 2020*